Colcock, J.
The counsel, for the appellant Robert, contends that he ought not to be made liable, because he was not summoned before the ordinary. That this was not a sufficient ground of demurrer, it is only necessary to refer to the contract, and to shew the nature and extent of the undertaking of the parties to determine it: The ordinary agrees to *226 place in the lands of the administrator, the goods chattels &c, of the deceased person to be by him well and faithfully administered, and the administrator and his security undertake, that he the administrator shall make a just and true account &c. whenever required by the ordinary, and pay over Now the administrator is the person who is cognizant of alt the affairs of the estate. The security is not supposed to know any thing about the accounts. The security is not required to go before the ordinary. He knows that he can not be made liable, until his principal has been called to account to pay over and a decree to that effect is made by the ordinary. His contract then is made with reference to all this. Why then shouldjie be called before the ordinary when liis principal is? There is nothing in the letter or spirit of the contract which seems to require it.
Clendinm for the motion.
Wood contra»
The ground of demurrer was insufficient and the demurred was properly overruled.
But the counsel for the defendant contends that the decree offered was not sufficient to support the action.
The counsel have certainly misconceived the purpose for which the decree was introduced. It is not made the basis of the action. The action is founded on the bond; the breach of which is assigned, and the decree introduced to establish the amount of damages. The condition of the bond is, that the administrator should account &c. whenever called upon, and to pay he. when a decree should be made. The decree proves that he was called on and has not perform-1 ed, and, thus, proves the breach assigned. He did not contest the legallity of the decree, nor allege that it was ob - tained by fraud; nor did he contend that he could in any manner shew the amount decreed was not due, or that he had a right to do so. Such a decree certainly is at least .¿prima facie evidence of the sum due, and not béing in any manner controverted, was properly considered in this case as conclusive. The motion is dismissed.